UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAWN INTERNATIONAL LTD.,
an Irish Limited Company,

      Plaintiffs,

vs.                                      Case No.:

JACOB FLEISHMAN SALES, INC.,
a Florida Corporation,

      Defendants,
_____/

## COMPLAINT

Plaintiff, Dawn International, Ltd. ("Dawn International" or "Plaintiff"), sues Jacob Fleishman Sales, Inc. ("Fleishman" or "Defendant"), and alleges as follows:

## PARTIES AND APPLICABLE LAW

1. Dawn International is an Irish limited company with its principal place of business in Waterford, Ireland.

2. Fleishman is a Florida corporation with its principal place of business at 1177 N.W. 81st Street, Miami, Florida 33150.

3. Under the Terms and Conditions of Sale Contract as referenced *infra*, the law of the Republic of Ireland applies to certain counts as set forth herein. *See* Fed. R. Civ. P. 44.1.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to section 1332, Title 28, United States Code, because this action is between the subject of a foreign state and a Florida corporation and the amount in controversy exceeds $75,000.

18140857v4                                                                1

5.      This Court has personal jurisdiction over Fleishman because Fleishman is a Florida corporation with its principal place of business in Miami, Florida, and which otherwise conducts business operations in Miami-Dade County, Florida.  *See* Fla. Stat. § 48.193(1)(a), (2).

6.      Venue is proper in this Court because Fleishman's principal place of business is in Miami-Dade County, Florida and because the performance of Plaintiff's services under its contract with Fleishman occurred in Miami-Dade County, Florida.  *See* 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7.      Dawn International is a renowned international food broker.  Through its subsidiary, Dawn USA, Inc. ("Dawn USA"), Dawn International supplies pork products from European products to customers located within the United States, including Fleishman.

8.      Plaintiffs and Fleishman entered into business relationship whereby Fleishman submitted several purchase orders to Dawn USA to purchase large quantities of pork products.

9.      Each purchase order ("P.O.") submitted by Fleishman to Dawn USA was confirmed and accepted by a sales confirmation document provided to Fleishman by Dawn International. Thus, Dawn International is real party in interest as to each P.O. and sales confirmation.

10.     Each sales confirmation provided by Dawn International applicable to a submitted P.O. provides that "Terms and Conditions apply and are available on request."

11.     Thus, each P.O. submitted by Fleishman and accepted by Dawn International was governed by the Terms and Conditions of Sale Contract.  A copy of the Terms and Conditions of Sale Contract is attached hereto as **Exhibit A**.  The Terms and Conditions of Sale Contract states that the parties' contractual relationship is governed by the laws of the Republic of Ireland.

12. Together, each P.O. submitted by Fleishman, once confirmed by Dawn International's corresponding sales confirmation, formed an individual sales contract between Plaintiff and Defendant.

13. Throughout the course of the parties' business relationship, Fleishman submitted numerous P.O.s that have been confirmed by Dawn International.

14. However, Fleishman has failed and refused to fulfill its obligations pursuant to the submitted and confirmed P.O.s.  More specifically, Fleishman failed to pay the amounts due and owing under the P.O.s and confirmations which have been fulfilled (hereinafter, the "Delivered Contracts"), or in other cases, has failed to accept delivery of the pork products it ordered and failed to timely pay for same (hereinafter, the "Outstanding Contracts").

15. Fleishman currently owes Plaintiff the total sum of $1,395,406.00 pursuant to Delivered Contracts.  Copies of the Delivered Contracts are attached hereto as **Composite Exhibit B**.

16. Fleishman currently owes the Plaintiff the total sum of $3,824,644 pursuant to the Outstanding Contracts.  Copies of the Outstanding Contracts are attached hereto as **Composite Exhibit C**.

17. On November 10, 2022, Plaintiff made a demand to Fleishman for payment of all amounts due and owing pursuant to both the Delivered Contracts and the Outstanding Contracts.

18. Fleishman failed to comply with that demand.

19. Pursuant to the Terms and Conditions of Sale Contract, in the event that Fleishman failed to pay any amounts due and owing under the P.O.s and confirmations, Plaintiff reserved the right to pursue Fleishman for such payment and all expenses associated therewith, including legal

expenses.  Plaintiff has retained the law firm of Shumaker, Loop & Kendrick, LLP and is obligated to pay said law firm a reasonable fee for its services.

20. All conditions precedent to this action have occurred, been performed by Plaintiff, or have been waived or excused.

## COUNT I – BREACH OF CONTRACT
### (Delivered Contracts)

21. Plaintiff re-alleges paragraphs 1-20 and incorporates those allegations by reference as if fully set forth herein.

22. This is an action for breach of contract regarding the Delivered Contracts, pled in the alternative to the other counts set forth herein.

23. Plaintiff and Fleishman entered into the Delivered Contracts, which obligated Fleishman to pay for the pork products produced by Plaintiff and delivered to Fleishman.

24. Fleishman breached the Delivered Contracts by failing to pay Plaintiff the total amount of $1,395,406.00, which total amount remains due and owing, together with interest at the rate of five percent (5%) per annum as provided for by the Terms and Conditions of Sale Contract, which continues to accrue.

25. As a result of Fleishman's breach of the Delivered Contracts, Plaintiff has been damaged.

26. Therefore, pursuant to section 169 of the Irish Legal Services Regulation Act, 2015, as well as the Terms and Conditions of Sale Contract, Plaintiff is entitled to recover its reasonable attorneys' fees and costs, which fees and costs Plaintiff seeks from Fleishman in this action.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for damages, interest, its reasonable attorneys' fees and costs, and for all other relief to which Plaintiff is entitled.

## COUNT II – BREACH OF CONTRACT
### (Outstanding Contracts)

27. Plaintiff re-alleges paragraphs 1-20 and incorporates those allegations by reference as if fully set forth herein.

28. This is an action for breach of contract regarding the Outstanding Contracts, pled in the alternative to the other counts set forth herein.

29. Plaintiff and Fleishman entered into the Outstanding Contracts, which obligated Fleishman to (i) accept delivery of the pork products produced by Plaintiff and dispatched to Fleishman and (ii) to pay for those pork products.

30. Fleishman breached the Outstanding Contracts by failing to take delivery of the pork products that Fleishman ordered and failing to pay for same, the amount of which totals $3,824,644 and remains due and owing.

31. As a result of Fleishman's breach of the Outstanding Contracts, Plaintiff has been damaged.

32. Therefore, pursuant to section 169 of the Irish Legal Services Regulation Act, 2015, as well as the Terms and Conditions of Sale Contract, Plaintiff is entitled to recover its reasonable attorneys' fees and costs, which fees and costs Plaintiff seeks from Fleishman in this action.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for damages, interest, its reasonable attorneys' fees and costs, and for all other relief to which Plaintiff is entitled.

## COUNT III – ACCOUNT STATED

33. This is an action for account stated, pled in the alternative to the other counts set forth herein.

34. Plaintiff re-alleges paragraphs 1-20 and incorporates those allegations by reference as if fully set forth herein.

35. Prior to the institution of this action, Plaintiff and Fleishman had business transactions between them through which there is a total balance of $5,220,050.00 in accounts receivable.

36. Plaintiff rendered statements to Fleishman, copies of which are attached hereto as **Composite Exhibit B** and **Composite Exhibit C**, and Fleishman did not object to the statement.

37. As a result, Fleishman owes Plaintiff $5,220,050.00 that is due with interest on the account.

38. Therefore, pursuant to the Terms and Conditions of Sale Contract, as well as section 169 of the Irish Legal Services Regulation Act, 2015 to the extent applicable, Plaintiff is entitled to recover its reasonable attorneys' fees and costs, which fees and costs Plaintiff seeks from Fleishman in this action.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for damages, interest, its reasonable attorneys' fees and costs, and for all other relief to which Plaintiff is entitled.

## COUNT IV – OPEN ACCOUNT

39. This is an action for open account, pled in the alternative to the other counts set forth herein.

40. Plaintiff re-alleges paragraphs 1-20 and incorporates those allegations by reference as if fully set forth herein.

41. Prior to the institution of this action, Plaintiff and Fleishman had business transactions between them through which there is a total balance of $5,220,050.00 in accounts

receivable.  A true and correct itemization of the accounts receivable is attached hereto as **Exhibit D**.

42. Fleishman is liable to Plaintiff for $5,220,050.00.

43. Therefore, pursuant to the Terms and Conditions of Sale Contract, as well as section 169 of the Irish Legal Services Regulation Act, 2015 to the extent applicable, Plaintiff is entitled to recover its reasonable attorneys' fees and costs, which fees and costs Plaintiff seeks from Fleishman in this action.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for damages, interest, its reasonable attorneys' fees and costs, and for all other relief to which Plaintiff is entitled.

## COUNT V –  GOODS SOLD
### (Delivered Contracts)

44. This is an action for goods sold, pled in the alternative to the other counts set forth herein.

45. Plaintiff re-alleges paragraphs 1-11, 13-15, 17-20 and incorporates those allegations by reference as if fully set forth herein.

46. Fleishman owes Plaintiff $1,395,406.00 that is due with interest for the goods sold and delivered by Plaintiff to Fleishman pursuant to the Delivered Contracts.

47. The goods sold by Plaintiff to Fleishman include the pork products more specifically identified by the Delivered Contracts.  *See* Composite Exhibit B.

48. Therefore, pursuant to the Terms and Conditions of Sale Contract, as well as section 169 of the Irish Legal Services Regulation Act, 2015 to the extent applicable, Plaintiff is entitled to recover its reasonable attorneys' fees and costs, which fees and costs Plaintiff seeks from Fleishman in this action.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for damages, interest, its reasonable attorneys' fees and costs, and for all other relief to which Plaintiff is entitled.

## COUNT VI – UNJUST ENRICHMENT
### (Delivered Contracts)

49. This is an action for unjust enrichment, pled in the alternative to the other counts set forth herein.

50. Plaintiff re-alleges paragraphs 1-9, 13, and 20 and incorporates those allegations by reference as if fully set forth herein.

51. Plaintiff conferred a benefit upon Fleishman by delivering pork products to Fleishman that are worth $1,395,406.00.

52. Fleishman requested those pork products and knowingly and voluntarily accepted same.

53. Fleishman appreciated the benefit of Plaintiff's delivery of pork products by taking delivery and putting same to Fleishman's own use.

54. Fleishman has failed to pay for the pork products delivered to it by Plaintiff.

55. Fleishman's acceptance and retention of the pork products delivered to it by Plaintiffs without paying for the value thereof has resulted in Fleishman being unjustly enriched.

56. As a result, Plaintiffs have been damaged.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for damages, interest, costs, and for all other relief to which Plaintiff is entitled.

## COUNT VII – REPLEVIN
### (Dawn International v. Fleishman)

57. This is an action for replevin to recover personal property located within Miami-Dade County, Florida and is pled in the alternative to the other counts set forth herein.

58. Dawn International re-alleges paragraphs 1-20 and incorporates those allegations by reference as if fully set forth herein.

59. Pursuant to the Terms and Conditions of Sale Contracts at issue, Fleishman was only permitted to possess the pork products delivered to Fleishman pursuant to the Delivered Contracts as a bailee until payment for same was made to Plaintiff.

60. If any amounts owed to Plaintiff by Fleishman for the pork products delivered to Fleishman became overdue, Plaintiff had the right to re-possess such pork products.

61. Fleishman completely failed to pay for any of the pork products delivered pursuant to the Delivered Contracts; thus, all amounts owed by Fleishman to Plaintiff under the Delivered Contracts became overdue.

62. Pursuant to the Terms and Conditions of Sale Contract, Dawn International is the owner of the pork products delivered to Fleishman pursuant to the Delivered Contracts (the "Delivered Pork Products").

63. To the best of Dawn International's knowledge, information, and belief, the Delivered Pork Products are located at 1177 N.W. 81st Street, Miami, Florida 33150.

64. To the best of Dawn International's knowledge, information, and belief, Fleishman is detaining the Delivered Pork Products for its own exclusive, personal use and not for any benefit to Dawn International.

65. The Delivered Pork Products have not been taken for any tax, assessment, or fine pursuant to law.

66. The Delivered Pork Products have not been taken under an execution or attachment against any of Dawn International's property.

67. To the best of Dawn International's knowledge, information, and belief, the current value of the Delivered Pork Products is in excess of $1,300,000.

68. Dawn International has been damaged by Fleishman's wrongful detention of the Delivered Pork Products.

69. Therefore, pursuant to the Terms and Conditions of Sale Contract, as well as section 169 of the Irish Legal Services Regulation Act, 2015 to the extent applicable, Plaintiff is entitled to recover their reasonable attorneys' fees and costs, which fees and costs Plaintiff seeks from Fleishman in this action.

WHEREFORE, Plaintiff, Dawn International, Ltd., demands judgment against Fleishman for possession of the Delivered Pork Products, damages incurred by Dawn International as a result of Fleishman's wrongful detention of the Delivered Pork Products, reasonable attorneys' fees and costs, and for such additional relief as may be appropriate.

Dated: December 22, 2022

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida  33602
(813)  229-7600
(813)  229-1660 (fax)
*Attorneys for Plaintiffs*

By: */s/ Andrew J. Oppenheim*
     Michele Leo Hintson
     Fla. Bar No. 0604941
     mhintson@shumaker.com
     kgrotz@shumaker.com
     Andrew J. Oppenheim
     Fla. Bar No. 117875
     aoppenheim@shumaker.com
     kgrotz@shumaker.com