UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-24177-CIV-DAMIAN/Louis

**DAWN INTERNATIONAL LTD.**,

    Plaintiff,

vs.

**JACOB FLEISHMAN SALES, INC.**,

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [ECF NO. 99]
AND GRANTING PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** came before the Court on Magistrate Judge Lauren F. Louis's Report and Recommendations, entered on August 24, 2024 [ECF No. 99 (the "Report")], on Plaintiff, Dawn International LTD.'s ("Dawn"), Motion for Summary Judgment, filed on January 8, 2024 [ECF No. 58 ("Dawn's Motion")], and on Defendant, Jacob Fleishman Sales, Inc.'s ("Fleishman"), Motion for Summary Judgment, filed on January 8, 2024 [ECF No. 60 ("Fleishman's Motion")].

THE COURT has reviewed the Report, Dawn's Motion, Fleishman's Motion, and the pertinent portions of the record (including the parties' memoranda [ECF Nos. 69, 71, 74, 76] and statements of fact [ECF Nos. 59, 61, 75]), as well as the parties' Objections to the Report [ECF No. 104], and is otherwise fully advised.

After carefully considering the briefing, Judge Louis issued the Report on August 24, 2024, recommending that Dawn's Motion be granted in part and that Fleishman's Motion

be denied. *See* ECF No. 99. The Report summarizes the relevant background and procedural history, and therefore, the Court will not set out the background in detail here.

In short, the undisputed facts are that Dawn, through a wholly owned subsidiary, supplied thousands of pounds of pork products to Fleishman for years. *See id.* Fleishman alleges that it received a shipment of baby back ribs (in October 2021) that it discovered (in May 2022) had significant problems, leading to a series of disputes. *See id.* Dawn seeks recovery of the amounts invoiced and delivered but never paid and damages on contracts that were ordered but not delivered. Fleishman counterclaims for the amounts paid for pork products that failed to conform with quality standards. *See id.*

Judge Louis recommends that Dawn's Motion be denied as to its contract claims, on account of its failure to adduce evidence that contracts were in fact formed. *See id.* at 11-15, 18-22. However, Judge Louis recommends that Dawn's Motion be granted as to Count V of its Complaint because Fleishman failed to cite any record evidence on which to reasonably conclude that it did not contract to purchase the pork *bellies* (as opposed to ribs, to which she concluded there is a material dispute) at issue therein or that it did not assent to the amounts Dawn seeks to charge it. *See id.* at 15-18. Judge Louis also recommends that Fleishman's Motion be denied in all respects because the undisputed evidence shows that the contracts arose between the parties as a result of their conduct—meaning that a factfinder must decide if Dawn materially breach the agreement. *See id.* at 18-22. She further recommends that Dawn's Motion be granted as to Count III of Fleishman's Amended Counterclaim because Fleishman failed to rebut Dawn's argument that simply reselling the goods at issue is not a particular purpose as would breach the implied warranty of fitness for a particular purpose. *See id.* at 22-24. Finally, Judge Louis recommends that Dawn's Motion be granted as to

Counts IV & V of the Counterclaim as Dawn made an initial showing that no contract existed and no benefit was conferred, and Fleishman made no attempt to maintain these claims. *See id.* at 24-25. Neither party filed a substantive objection to the Report,[1] and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

As discussed above, although Fleishman filed an "objection," because that "objection" makes clear that Fleishman does not actually object to any recommendation made by Judge Louis, *see* ECF No. 104, the undersigned will treat the Report as if no objections were filed.

---

[1] Fleishman did file an "Objection" that advised that "[w]hile this pleading is styled an Objection to the Report and Recommendations, the Court should be aware that it is the Defendant's position that the Report and Recommendations of the Magistrate are sound and should be adopted as the Order of the Court, with one clarification[,]" namely, that the Court "not enter final judgment until the amount of the set-off is determined by the Court after trial." [ECF No. 104]. This Court will not be entering final judgment as to any Count at this time.

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and very well-reasoned recommendations stated in Judge Louis's Report and agrees with Judge Louis's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 99]** is **AFFIRMED AND ADOPTED** as follows:

1. Dawn's Motion for Summary Judgment **[ECF No. 58]** is **GRANTED IN PART and DENIED IN PART**. Summary Judgment is granted as to Count V of Dawn's Complaint (as to pork *bellies* only), and as to Counts III, IV, and V of Fleishman's Counterclaim.

2. Fleishman's Motion for Summary Judgment **[ECF No. 60]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 11th day of September, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Lauren F. Louis
      counsel of record