UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-24177-DAMIAN

DAWN INTERNATIONAL LTD.,
AN IRISH LIMITED COMPANY,

     Plaintiff,

v.

JACOB FLEISHMAN SALES, INC.,
A FLORIDA CORPORATION,

     Defendant.

_____/

**OMNIBUS ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Defendant's Rule 26(a)(2) Expert Witness Disclosure (ECF No. 46), Plaintiff's *Daubert* Motion to Exclude Expert Testimony of Ed Pawlak (ECF No. 92), and Defendant's Motion for Sanctions Pursuant to Rule 11 (ECF No. 84).[1]  Defendant filed a Response to Plaintiff's Motion to Strike (ECF No. 57), to which Plaintiff replied (ECF No. 62).  Defendant filed a Response to Plaintiff's *Daubert* Motion.  (ECF No. 96).  And Plaintiff filed a Response to Defendant's Motion for Sanctions (ECF No. 86), to which Defendant replied (ECF No. 87).  I convened a hearing on the Motions on September 9, 2024.  (ECF No. 105).  As adjudged in open court, Plaintiff's Motion to Strike (ECF No. 46) and *Daubert* Motion (ECF No. 92) were deemed **MOOT**, and Defendant's Motion for Sanctions (ECF No. 84) was **DENIED**.  This Order memorializes but does not alter the rulings made in open court.

In March 2023, the Court ordered that the parties exchange expert witness summaries or reports by no later than October 17, 2023.  (ECF No. 13).  On November 22, 2023, Defendant filed

---

[1] The Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida.  (ECF No. 85).

its Rule 26(a)(2) Expert Witness Disclosure, listing Ed Pawlak as a hybrid expert witness and John McAleer as an expert witness.  (ECF No. 45).  Plaintiff promptly filed its Motion to Strike the Expert Witness Disclosure on the grounds that Defendant's failure to timely disclose expert testimony was without excuse and prejudiced Plaintiff, the disclosure improperly identifies Pawlak as a hybrid witness, and Defendant failed to produce expert reports or provide sufficient specificity as to the experts' anticipated testimony.  Defendant's Response contested that Plaintiff was harmed by the delay and asserted that its expert disclosure was proper, albeit untimely.

Thereafter, Plaintiff filed its *Daubert* Motion, which also seeks to exclude any opinion testimony of Pawlak.  Plaintiff separates the opinions to which Pawlak would testify into two categories: the market price of the pork ribs at the heart of this dispute and the quality specification of the ribs.

As to price, Plaintiff argues that Pawlak failed to use a reliable methodology to arrive at his opinions, and in fact, utilized no methodology at all.  In response to this argument, Defendant points only to Pawlak's testimony that "the price *paid* was determined by . . . input[ting] the description of the product and the condition," as determined by Pawlak, into the commodities exchange "to determine what price could be paid for it and th[ose] prices change every day."  (ECF No. 96 at 8) (emphasis added).  Not only does Defendant's citation to this testimony fail to meaningfully rebut Plaintiff's argument that Pawlak did not use a reliable methodology, but this testimony does not even attempt to explain how Pawlak arrived at an expert opinion—rather, Pawlak merely explained how he determined the price that *he* paid for the ribs.  This is fact testimony, not an expert opinion.

Regarding the specification of the ribs, Plaintiff again argues that Pawlak failed to employ a reliable methodology and, further, that he lacks the requisite qualifications to testify as an expert on whether pork products meet specification.  Defendant responds that Pawlak has over 40 years'

experience in the meat industry and during that time, Pawlak routinely performed inspections. Defendant also contends that Pawlak conducted "detailed visual inspections" and testified in "specific detail as to the proper protocols and industry standards in inspecting quality issues," the "process for inspecting each rib rack," and how specifications such as "select ribs" and "double bones" are defined. (*Id.* at 9, 10). Defendant's Response does not recite the details to which it claims Pawlak testified.

During the hearing, Defendant withdrew its arguments that either witness should be allowed to offer expert opinion and represented that it would seek to elicit any opinion testimony from Pawlak or McAleer. Rather, Pawlak and McAleer's testimony will be limited solely to historical facts to which they have personal knowledge. A few key examples of this distinction were fleshed out on the record. Plaintiff agreed that Pawlak and McAleer will be able to testify to anything relevant that they saw or did, including how much each paid for the ribs and the reasons therefor; however, Defendant will not be permitted to elicit any opinion testimony as to what a seller of these ribs could get on the market or what amount some other buyer would have paid for them. Pawlak and McAleer will also be able to testify as to what they saw when they looked at the ribs, but not their opinion as to whether the ribs met or failed to meet a particular specification. Defendant's counsel confirmed that he understood the limitations of Pawlak and McAleer's potential testimony and averred that he would prepare them appropriately. Defendant's concession constituted all the relief Plaintiff sought in its Motions.

As to Defendant's Motion for sanctions, I announced in open court my ruling that the Motion was denied and explained my reasoning therefor.

Accordingly, Plaintiff's Motion to Strike (ECF No. 46) and *Daubert* Motion (ECF No. 92) was deemed **MOOT**, and Defendant's Motion for Sanctions (ECF No. 84) was **DENIED**.

**DONE AND ORDERED** in open court, in Miami, Florida this 9th day of September, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE